O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| RICHARD SPURLING, | Case No. EDCV 07-01071 SGL (Opx) |
| Plaintiff, | *[Assigned to Hon. Stephen Larson]* |
| vs. | |
| BRINKS, INCORPORATED, a Delaware corporation, | **Judgment on Special Verdict** |
| Defendant | |

This action came on regularly for trial on February 17, 2009, in the United States District Court, Central District of California - Eastern Division, Hon. Stephen Larson presiding; the plaintiff appearing by attorneys, Michael Eisenberg, Michael Kopple, and Joseph Socher of Eisenberg & Associates and the defendant appearing by attorneys, James Kellett and Jonathan Moskowitz of Crowell & Moring.

A jury was regularly impaneled and sworn. Witnesses were sworn and testified. Thereafter, jurors were duly instructed by the Court and the cause was submitted to the members of the jury, with directions to return a verdict on special issues. The jury deliberated and thereafter returned into court.

We, the members of the jury in the case entitled *Spurling vs. Brink's, Inc.*, answer the questions submitted to us as follows:

///

## **RETALIATION FOR REFUSAL TO ENGAGE IN RACIAL DISCRIMINATION**

1. Was Plaintiff, Richard Spurling, asked to terminate Sabrina Gadsden on account of her race?

     X  Yes        ___No

     If your answer to question 1 is "yes," then answer question 2.  If you answered "no," continue with question 5.

2. Did Plaintiff, Richard Spurling, refuse to terminate Sabrina Gadsden on account of her race?

     X  Yes        ___No

     If your answer to question 2 is "yes," then answer question 3.  If you answered "no," continue with question 5.

3. Was Richard Spurling's refusal to terminate Sabrina Gadsden on account of her race a motivating factor in Defendant Brinks' decision to terminate him?

     X  Yes        ___No

     If your answer to question 3 is "yes," then answer question 4.  If you answered "no," continue with question 5.

4. Was Brinks' termination of Richard Spurling a substantial factor in causing harm to Richard Spurling?

     X  Yes        ___No

     Continue with Question 5.


## **RACE DISCRIMINATION**

5. Was Richard Spurling's race a motivating factor in Brinks' decision to terminate Richard Spurling?

     ___Yes        X No

     If your answer to question 5 is "yes," then answer question 6.  If you answered "no," then answer question 7.

6.    Was Brinks' termination of Richard Spurling a substantial factor in causing harm to plaintiff?

___Yes        ___No

Answer Question 7.

7.    If you answered "yes" to either question 4 or question 6 then answer question 8. If you answered "no" to both question 4 and question 6, stop here, answer no further questions, and have the presiding juror sign and date this form.

8.    What are Richard Spurling's damages?

| | | |
|---|---|---|
| a. | Past economic loss, including lost earnings: | $120,073.00 |
| b. | Past non-economic loss, including emotional distress: | $ 25,000.00 |
| c. | Future economic loss, including lost earnings: | $ 63,000.00 |
| | TOTAL: | $ 208,073.00 |

Dated:    March 5, 2009              Signed:    /s/
                                                    Presiding Juror

It appearing by reason of said verdict that Plaintiff, Richard Spurling, is entitled to judgment against Brink's Incorporated.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that plaintiff, Richard Spurling have and recover from said defendant, Brink's Incorporated the sum of **$208,073**, together with costs to be determined by the Clerk of Court with interest thereon at the rate of seven tenths of one percent (0.7%) per annum from the date of the entry of this judgment until paid.

DATED:    March 20, 2009

Hon. Stephen Larson